MADDOX, Justice
(dissenting):
This is a negligence case, and the law is clear that issues of negligence are ordinarily not susceptible to summary adjudication. 6 Moore’s Federal Practice ¶56.17[42], While I recognize that Dr. Green testified, by deposition, that Dr. Noblin, the defendant, had followed the appropriate community standard of care applicable to his profession, I do not accept this testimony as being uncontradicted.
Plaintiff filed, in opposition to defendant’s motion for a summary judgment, an affidavit of Dr. Haynes C. Byrne, a practicing physician licensed to practice in the State of Alabama in Montgomery County, in which Dr. Byrne stated “that Bunnell’s Surgery of the Hand is a standard and accepted medical reference book on surgery of the hand and is accepted by physicians in practice in the State of Alabama and throughout the United States.” Admittedly, the portions of the treatise which plaintiff intended to use are not in the record; therefore, we do not know which portions, if any, plaintiff brought to the attention of the trial court. I have examined photocopies of the pages from this treatise and I am convinced that at least a scintilla of evidence is presented on the issue of whether or not the treating doctor followed accepted practices and procedures. Consequently, I believe that the trial court’s grant of summary judgment was inappropriate.
The movant contends that the affidavit by Dr. Haynes C. Byrne is insufficient because it does not refer to any specific pages of the treatise which ’"ould apply to the subject case. Admittedly, the affidavit filed in opposition to the motion for summary judgment could have been more specific.
I recognize that the opposing party is under a duty to act diligently and in good faith when faced with a motion for summary judgment, but where the dereliction is technical the opposing party should not be hurried out of court. 6 Moore’s Federal Practice ¶ 56.15[6]. In Littlejohn v. Shell *274 Oil Co., 483 F.2d 1140 (5th Cir. 1973), Judge Griffin Bell stated:
“It is true that this representation was not in affidavit form by plaintiff in person but we think that the written representation by his lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances. Form is not to be exalted over fair procedures.”
In short, when the opposing party’s affidavits do not measure up fully to the requirements of Rule 56(e), the Court should, nevertheless, in the exercise of a sound discretion grant a continuance or deny the motion for summary judgment where the opposing party is proceeding in good faith and his claim or defense has some merit.
A learned treatise, essay or pamphlet on a subject of science or art, which is testified to by an expert on the subject as being a standard or trustworthy authority on the subject, is admissible as an exception to the hearsay evidence rule. Alabama is in the distinct minority of states which follows this rule, but because of this, I feel that the party opposing the motion for summary judgment has presented at least a scintilla of evidence on the issue of the negligence of the defendant, and I believe that summary judgment should have been denied. I respectfully dissent.
JONES, J., concurs.